JOHN T. KEATING
Nevada Bar No.: 6373
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorneys for Defendant
*Allstate Fire and Casualty Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY BENNETT, individually, | CASE NO.: 2:16-cv-00021 |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective attorneys, to the following:

a) If any party to this lawsuit believes that any documents it discloses or produces during discovery are confidential, that party shall designate such documents by marking them with an overlay that indicates the confidential nature of the documents prior to the time of production. The parties shall identify confidential documents subject to this Protective Order by marking each page diagonally (from lower left-hand corner to upper right-hand corner) with the following language:

SEALED – CONFIDENTIAL SUBJECT TO COURT ORDER – JEFFREY BENNETT v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, United States District

Court, District of Nevada, Case No. 2:16-cv-00021

b)  If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a motion for Protective Order with respect to the challenged documents within 30 days of receipt of such written notice. If the designating party does not file such a motion within the 30-day period, the documents whose confidential designation are disputed shall be deemed not be confidential by agreement of the parties. If a Motion for Protective Order is filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

c)  If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, the documents, papers, and/or transcripts if proceedings shall be labeled as indicated in Paragraph 1 of this Protective Order and shall be filed under seal, bearing the following legend clearly written on the face of the sealed envelope under the name and case number of this action:

<u>CONFIDENTIAL-SUBJECT TO COURT ORDER</u>

The contents of this envelope are subject to a Protective Order entered by the Court in <u>JEFFREY BENNETT v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY</u>, United States District Court, District of Nevada, Case No. 2:16-cv-00021 these materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court.

d)  Confidential documents may be used in depositions, but shall remain subject to the Protective Order. The parties further agree that they will not intentionally reveal the nature

or content of a confidential document through the examination of witnesses in a deposition. If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, the party may designate the pertinent portion of the transcript as confidential and subject to this protective Order. If the parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall move for a protective order asking that the disputed portions thereof be deemed confidential, this disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

e)  Except as otherwise provided herein, all documents and the information contained therein that are designated as confidential may only be disclosed by parties and the parties' counsel of record in this case to attorneys, clerks, paralegals and secretaries who are regular employees of (or have been retained as independent contractors by) a party's counsel, and to independent experts and consultants who are employed by a part as contemplated by Rule 26 (b)(4) of the Nevada Rules of Civil Procedures. Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

f)  Prior to disclosing confidential documents or the information contained therein to any experts or consultants pursuant to Paragraph 5 hereof, counsel for that party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement.

g)  Upon final termination of this action, including any appeals, all documents

designated as confidential, and all copies, abstracts or summaries thereof, shall be returned to counsel for the designating party or destroyed. If destroyed, the party destroying such documents shall certify in writing to counsel for the designating party that all confidential documents produced by the designating party, and all copies thereof, have been destroyed. The foregoing shall not preclude a party's counsel from retaining his or her own work product shall be used only for internal purpose by that attorney or by attorneys, clerks, paralegals and secretaries who are regular employees of (or have been retained as independent contractors by ) a party's counsel, and to independent experts and consultants who are employed by a party as contemplated by Rule 26(b)(4) of the Nevada Rules of Civil Procedure, and shall not be shared or disclosed to anyone other than these individuals.

  h) The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective.

  i) Either party may seek to have the Court modify or terminate this Protective Order at any time either party deems appropriate.

DATED this _____ day of September, 2016.   DATED this _____ day of September, 2016.

K E A T I N G LAW GROUP                              CLARK McCOURT

By: ___/s/JOHN T. KEATING___                         By: ___/s/LUKAS B. McCOURT___
JOHN T. KEATING, ESQ.                                LUKAS B. McCOURT, ESQ.
Nevada Bar No. 6373                                  Nevada Bar No.: 4236
9130 W. Russell Road, Ste. 200                       7371 Prairie Falcon Road, Ste. 120
Las Vegas NV 89148                                   Las Vegas NV 89128
Attorney for Defendant                               Attorney for Plaintiff
*Allstate Fire and Casualty Insurance Company*       *Jeffrey Bennett*

4

STIPULATED PROTECTIVE ORDER
CASE NO.:   2:16-cv-00021

### ORDER

IT IS SO ORDERED this 23rd day of September, 2016.

_____
U.S. MAGISTRATE

Submitted by:

K E A T I N G LAW GROUP


___/s/JOHN T. KEATING___
JOHN T. KEATING
Nevada Bar No.: 6373
9130 W. Russell Road, Ste. 200
Las Vegas NV 89148
Attorney for Defendant
*Allstate Fire and Casualty Insurance Company*

5